**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| MICHAEL SKAKEL<br><br>Plaintiff,<br><br>vs.<br><br>NANCY GRACE, TIME WARNER INC.,<br>TURNER BROADCAST SYSTEM, INC.,<br>and BETH KARAS<br><br>Defendants. | : | Case No. 3:12-cv-01669 (VLB)<br><br><br><br><br><br><br><br><br>January 23, 2013 |

**PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION TO DISMISS**

The Plaintiff, **MICHAEL SKAKEL**, respectfully objects to the Defendants' Motion to Dismiss his Complaint, dated December 3, 2012. The Plaintiff bases his objection on the following:

1. The Plaintiff was convicted of murder on June 7, 2002 in connection with events that took place 1975.

2. From January 23 through January 25, 2012, the Defendant, **NANCY GRACE**, interviewed the Defendant, BETH KARAS, on the "Nancy Grace" show, broadcasted on HLN.

3. During said interview, the Defendant**, NANCY GRACE** stated that she and the Defendant, **BETH KARAS**, "covered" the Plaintiff's criminal case and that the Defendant, **BETH KARAS**, had actual first hand familiarity with the "in court" evidence at the Plaintiff's Trial.

4. In the same interview, the Defendant, **NANCY GRACE**, asked the Defendant, **BETH KARAS**: "isn't it true that the [Plaintiff] apparently was up in a tree masturbating trying to look into her bedroom window," referring to victim, to which she responded: "well his DNA was found yes . . . up in the tree."

5. Thereafter, the Defendant, **NANCY GRACE**, followed up with: "Beth I love the way you put it so delicately, 'his DNA,' you know, it was sperm, there I said it, and so he places himself there up in a tree masturbating looking down at her window…" and the Defendant, **BETH KARAS**, agreed with the Defendant, **NANCY GRACE**.

6. These defamatory statements were published by the Defendants to a television audience, uploaded onto Youtube, and thereafter transcripts of the interview were circulated on the internet by the Defendants.

7. As a result of these statements and the injuries suffered therefrom, the Plaintiff filed his Complaint in Connecticut Superior Court.

8. Thereafter the Defendants removed the action to this Court and filed a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6), claiming that (1) the Plaintiff's Complaint fails to allege that any challenged statement is substantially false, (2) the falsity alleged is insufficient to state a claim under the subsidiary meaning doctrine, and (3) the Plaintiff's Complaint fails to allege anything more than incremental reputational harm.

9. Contrary to the Defendants' claims, the Plaintiff does not bear the burden of proving "substantial falsity" because he is not a public figure and/or the defamatory statements were not on matters of public concern.

10. Contrary to the Defendants' claims, there is no requirement that the Plaintiff specifically plead "substantial falsity."

11. Contrary to the Defendants' claims, even if the Plaintiff has the burden of proving that the statements in question are false, the Plaintiff can prove the falsity, when the defamatory statements charge him with conduct that constitutes crimes other than the murder of which was already convicted.

12. Contrary to the Defendants' claims, the doctrine of "subsidiary meaning" does not apply to the Plaintiff's case, where he is not a "public figure."

13. Contrary to the Defendants' claims, even if the Plaintiff is a "public figure," the subsidiary meaning doctrine is not applicable to the defamatory statements because they were not "subsidiary" to the story about the Plaintiff's murder conviction, but rather charged him with conduct that constitutes distinct and separate crimes other than the murder of which was already convicted.

14. Contrary to the Defendants' claims, this court cannot dismiss the Plaintiff's Complaint based on the "incremental harm" doctrine, where the state law requires that the Defendants plead "incremental harm" as an affirmative defense and the Defendants have not filed and Answer asserting such a defense.

15. Contrary to the Defendants' claims, the harm suffered by the Plaintiff was not "incremental," when the defamatory statements of the Defendants charged him with conduct that constitutes crimes other than the murder of which was already convicted.

16. Contrary to the Defendants' claims, the Plaintiff's false light claim is not subject to dismissal for the same reasons that his defamation claims and because the "incremental harm" defense is not applicable to a false light claim.

The Plaintiff further relies on the facts, law and argument as more fully set forth in his Memorandum in support of this Objection, which is submitted herewith

**WHEREFORE**, the Plaintiff respectfully requests that this honorable court deny the Defendants' Motion to Dismiss in its entirety.

Respectfully submitted,

THE PLAINTIFF,
MICHAEL SKAKEL
By_*/s/ Stephan Seeger*
Stephan Seeger, Esq
(Juris No. 415349)
Law Offices of S.J. Carriero & Associates, LLC
810 Bedford Street, Suite #3
Stamford, CT 06901
Tel: (203) 273-5170
Fax: (203) 357-0608
Seegerkid2@aol.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 23, 2013, a copy of the foregoing document was filed using the CM/ECF system, which will send notification of such filing to:

Cameron Stracher, Esq.
4 North Pasture Rd.
Westport, CT 06880
Phone / Fax: (203) 222-7169
Email: cam@stracherlaw.com
Attorney for Defendants

*/s/ Stephan Seeger*

Stephan Seeger (Juris No. 415349)
Law Offices of S.J. Carriero & Associates, LLC
810 Bedford Street, Suite #3
Stamford, CT 06901
Tel: (203) 273-5170
Fax: (203) 357-0608
Seegerkid2@aol.com